77 F.3d 503
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mark J. VARGO, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 Nos. 95-3410, 95-3436.
 United States Court of Appeals, Federal Circuit.
 Jan. 30, 1996.
 
 Before ARCHER, Chief Judge, RICH, and NEWMAN, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Mark J. Vargo petitions for judicial review of the final decision of the Merit Systems Protection Board (MSPB or board), Docket No. PH-0752-87-0544-B-1, which held that he failed to show good cause for waiving the time limit for filing a petition for enforcement. We vacate the board's dismissal of Vargo's petition for untimeliness and remand the case.
 
 DISCUSSION
 
 2
 The board argues that we should affirm this appeal because Vargo presented no evidence in this proceeding that mental disability was the cause of his petition being untimely filed. The attorney for Vargo contends, as he did before the board, that the mental condition of his client prevented gaining access to Vargo's medical information to file with the board. He proffers to this court some sketchy evidence that could indicate mental disability. The history of this case, including the board's earlier waiver of an untimely filing and the findings of the United States Postal Service (USPS), seems to support the claim of mental disability. The MSPB in Vargo's original appeal recognized that he suffered from mental and emotional problems and found that good cause existed for the untimely filing of that appeal. It is also undisputed that the USPS documentation at the time Vargo was suspended from his position indicated that he had "mental and/or emotional problems" that classify him as "a hazard to [himself] or [his] fellow employees." There are, thus, clear indications that Vargo has in the past suffered from some mental disabilities.
 
 
 3
 Based on the record in this particular petition for enforcement, the board found that Vargo was able to pursue back pay and benefits from the USPS following his settlement agreement and that no evidence established mental disability sufficient to show good cause for the untimely filing. While that may be true on the limited record in this case, we are convinced that the board should consider fully the record in the prior board cases involving Vargo and such evidence as may be in the USPS files that relate to Vargo's disability. The board may also consider the sketchy evidence presented to this court together with any evidence of recent treatment if Vargo's attorney can obtain authorization for its release promptly. Based on such additional information, the board can determine more accurately whether Vargo has a continuing mental disability that would give rise to good cause for waiving the untimeliness of his petition for enforcement. See Pyles v. Merit Sys. Protection Bd., 45 F.3d 411, 413 (Fed.Cir.1995) ("Where ... a party is diagnosed with a medical condition that is by its nature 'permanent or progressive' in severity, it will be assumed to continue to exist after the date of diagnosis absent rebuttal evidence of record to the contrary.").